**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

FREDDIE JOHNSON, III,
                    Appellant,

                    v.

DEPARTMENT OF THE ARMY,
                    Agency.

DOCKET NUMBER
DC-0842-16-0749-I-1

DATE: June 27, 2022

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Freddie Johnson, III, Stafford, Virginia, pro se.

Weston C. Harlan, Fort Rucker, Alabama, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his appeal of the agency's decision denying him eligibility for Special Retirement Coverage (SRC) as untimely filed.  Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2    By a letter dated May 12, 2016, the agency informed the appellant that his position as an Air Traffic Control Specialist was no longer eligible for SRC classification. Initial Appeal File (IAF), Tab 1 at 6. That letter also informed the appellant that he could file an appeal of the agency's decision with the Board "within 30 days of this letter or 30 days from the date the retirement code correction is processed, whichever is later." *Id.* On July 21, 2016, the appellant filed a Board appeal challenging the agency's reclassification decision. IAF, Tab 1. The administrative judge issued an acknowledgment order informing the appellant that his appeal appeared to be untimely and directing him to file evidence and argument proving either that his appeal was timely filed or that good cause existed for his untimely filing. IAF, Tab 2 at 2-3. The appellant did not respond. The agency replied, arguing that the appeal should be dismissed as untimely filed without good cause shown and addressing the merits of the SRC reclassification decision. IAF, Tab 4.

¶3    The administrative judge issued an initial decision without holding the requested hearing, finding that the appellant's appeal was untimely filed without good cause shown for waiving the Board's timeliness regulations.  IAF, Tab 5, Initial Decision (ID) at 4.  The administrative judge determined that the appellant admitted to receiving the agency's decision letter on June 6, 2016, and that the retirement code correction was processed by the agency on June 9, 2016, as reflected in a Standard Form 50 (SF-50) submitted by the agency.  ID at 3; IAF, Tab 1 at 4, Tab 4 at 25.  She further found that 30 days from those dates would have been July 6, 2016, and July 11, 2016, respectively.[2]  ID at 3.  Because the appellant filed his appeal on July 21, 2016, at least 10 days after both filing deadlines, the administrative judge dismissed the appeal as untimely filed.  ID at 4.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶4    The appellant has filed a petition for review in which he argues that his appeal was timely filed.  Petition for Review (PFR) File, Tab 1.  He asserts that the SF-50 provided by the agency that reflects the change in his retirement code from "L" (SRC Federal Employees' Retirement System (FERS) retirement) to "K" (Standard FERS retirement) was never made available to him and was not included in his official personnel file.  *Id.* at 5.  Instead, the appellant claims that the change in his retirement code was first reflected on his leave and earnings statement for the pay period starting July 9, 2016, which included a remark identifying the change.  *Id.* at 5, 9.  He argues that, because he filed his appeal within 30 days of the end of that pay period, his appeal was timely filed.  *Id.* at 5-6.  He also asserts that he did not make this argument below because the agency's filings failed to alert him to the fact that he was required to respond.  *Id.*

---

[2] As the administrative judge noted, July 9, 2016, fell on a Saturday so the appeal would have been due the next business day, Monday, July 11, 2016, at the latest.  ID at 3 n.2.

at 4.  The agency has filed a response to the petition for review.  PFR File, Tab 3 at 5.

¶5      The Board generally will not consider an argument raised for the first time on review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence.  *See Hodges v. Office of Personnel Management*, 101 M.S.P.R. 212, ¶¶ 7-9 (2006) (refusing to consider the appellant's arguments, raised for the first time on review, in support of her position that she had good cause for untimely refiling her appeal) (citing *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980)); 5 C.F.R. § 1201.115(d).  The appellant has provided no explanation for why he could not have raised the argument below that he timely filed his appeal within 30 days of the processing of the change in his retirement status.

¶6      Furthermore, the appellant's argument that he was unaware that it was his responsibility to file additional evidence and argument in response to the agency's dismissal motion is similarly unavailing.  PFR File, Tab 1 at 4.  As the agency correctly notes in its response to the petition for review, the administrative judge's acknowledgment order clearly set forth that it was the appellant's burden to prove timeliness, and ordered him to file any additional evidence and argument on the timeliness question within 15 days of that order.  IAF, Tab 2 at 3; PFR File, Tab 3 at 5.  The order also noted that the record would close 25 calendar days after the date of that order, and that no new evidence or argument would be accepted unless the appellant could show that it was unavailable before the record closed.  IAF, Tab 2 at 3.  The appellant did not file anything in response to the acknowledgment order and has provided no explanation for his failure to do so.  As such, the appellant has failed to show that his argument on review is based on any new and material evidence that was not previously available despite his due diligence.  *Hodges*, 101 M.S.P.R. 212, ¶¶ 7-9.

¶7        Accordingly, we affirm the initial decision dismissing the appeal as untimely filed without good cause.

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of

discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4] The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                          /s/ for
                                        _____
                                        Jennifer Everling
                                        Acting Clerk of the Board

Washington, D.C.